UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FORMOSTAR LLC, a Nevada limited-liability company, SHEER LEGACY LLC, a Nevada limited-liability company, SUN ITALIA LLC, a Nevada limited-liability company,<br><br>     Plaintiffs,<br><br> vs.<br><br>HENRY FLORENTIUS, an individual, SOLIPAX LIMITED, a foreign company of unknown origin, DOES I-X, and ROE COMPANIES I-X, inclusive,<br><br>     Defendants. | Case No.: 2:11-cv-01166-GMN-CWH<br><br>**ORDER** |

## **INTRODUCTION**

Before the Court is Plaintiffs Formostar LLC, Sheer Legacy LLC, and Sun Italia LLC's Motion to Remand this case to state court (ECF No. 7). Defendants Henry Florentius and SoliPax, Ltd. filed a Response (ECF No. 12) and Plaintiffs filed a Reply (ECF No. 13).

Also before the Court is Defendants Motion to Compel Arbitration and for a Stay Pending Arbitration (ECF Nos. 14 & 15). Plaintiffs filed a Response (ECF Nos. 16 & 17) and Defendants filed a Reply (ECF No. 18).

On March 5, 2012, the Honorable Carl W. Hoffman United States Magistrate Judge, entered a Report of Findings and Recommendation (ECF No. 23) recommending that Plaintiff's Motion to Remand to State Court (ECF No. 7) be denied and that

Defendants' Motion to Compel Arbitration and for a Stay Pending Arbitration (ECF Nos. 14 & 15) be granted and that this case be stayed pending arbitration.

This Court, having conducting a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(10 and Local Rule IB 1-9, determines that Magistrate Judge Hoffman's Report and Recommendation should be Accepted, in part.

### FACTS AND BACKGROUND

The Court accepts the Magistrate Judges recitation of the Background facts of this case and adopts them as follows:

> The instant action was filed in the Eighth District Judicial Court in Clark County, Nevada on June 21, 2010. On July 15, 2011 Defendants SoliPax and Florentius removed the case to this Court pursuant to the Convention of the Recognition and Enforcement of Arbitral Awards (known as the "New York Convention"). *See* 9 U.S.C. § 201 *et seq*.
> This action is based on a dispute arising from a Business Consulting Agreement ("Agreement") entered into between Plaintiff Sun Italia, LLC and Defendant SoliPax, Ltd. in January 2008. Plaintiffs Formostar LLC and Sheer Legacy, LLC are sister companies to Sun Italia who later performed under the contract. Defendant Henry Florentius is the president, CEO, manager, and sole owner of SoliPax.[1] SoliPax is a manufacturing business registered in Shanghai, the People's Republic of China.
> In January 2008 Plaintiffs Sun Italia, Formostar, and Sheer Legacy engaged the services of Florentius and Solipax to custom manufacture certain teeth whitening devices, infrared body warming devices, and leg tanning devices. *See* Complaint at ¶¶ 10-12 (Dkt. No. 1-1). Plaintiffs allege that the companies collectively paid Florentius more than $170,000, but never received a working proto-type of any of the devices requested.[2] *Id*. at ¶ 15. Plaintiffs ultimately directed a representative to oversee the manufacturing process at Solipax's facilities in China. *Id*. at ¶ 18. Plaintiffs allege that Florentius insisted he could deliver a set of devices that Plaintiff Formostar had commissioned, but needed several thousand dollars in order to complete the process. *Id*. at ¶ 19. Plaintiffs state that the money was wired to Defendants, but Florentius insisted that the transfer was made to

---

[1] Plaintiffs allege that Florentius is the alter ego of SolioPax.
[2] Defendants did occasionally deliver products to Plaintiffs, however, Plaintiffs allege that these devices were defective.

the wrong account. *Id.* at ¶ 20. Plaintiffs again wired several thousand dollars to Defendants. *Id.* at ¶ 23. Plaintiffs allege that Florentius then absconded with the money and shut down Solipax. *Id.* Plaintiffs state that Florentius' assistant later represented to Plaintiffs that Chinese authorities had shut down Solipax and Plaintiffs could pay an additional $ 28,000 to reclaim the existing equipment. *Id.* at ¶ 25.

Instead, Plaintiffs initiated this case in state court, alleging fraud, conversion, breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing in contract and tort, breach of implied warranty of merchantability, breach of implied warranty of fitness for particular purpose, breach of express warranty, unjust enrichment, and alter ego.

Section 14 of the Agreement expressly provides the following:
14. Dispute.
In the event of any disputes, both parties agree to use their best efforts on good-faith basis to resolve any disputes amicably. If resolution cannot be satisfactorily achieved through this consultations both parties agree to voluntarily submit the dispute to the Shanghai Arbitration Commission and thereafter abide by the rules of the Arbitration Commission.

*See* Agreement (Dkt. No. 1-2), at ¶ 14.

(R&R 1:18–2:28, ECF No. 23.)

## DISCUSSION

**A.    Plaintiff's Motion to Remand to State Court**

The magistrate judge found that the agreement between Plaintiff Sun Italia and Defendant SoliPax falls under the New York Convention. The magistrate judge then found that the subject matter of the litigation relates to the arbitration agreement such that the matter should not be remanded to state court. Finally, the magistrate judge also found that the removal was timely because under 9 U.S.C. § 205, "[w]here the subject matter of an action or proceeding pending in State Court relates to an arbitration agreement[,] . . . the defendants may, at any time before the trial thereof, remove such action to the district court of the United States." Therefore, Judge Hoffman found that since the Defendants

removed this case prior to any adjudication of claims by the state court, the notice of removal was timely.

Having reviewed Plaintiffs' Objections, the Court accepts Magistrate Judge Hoffman's report and recommendation regarding Plaintiffs' Motion to Remand.

**B.    Motion to Compel Arbitration**

The magistrate judge found that Sheer Legacy and Formostar should be bound to the entire agreement at issue, including the arbitration provision, on the ground of equitable estoppel.  This Court agrees with and adopts the magistrate judges' reasoning and findings regarding whether or not Sheer Legacy and Formostar can be compelled to arbitrate their claims.

However, the magistrate judge also made a finding regarding whether or not the Court may compel Defendant Florentius to arbitrate the claims. (*See* R&R10:19-11:10.) This Court finds that the magistrate judge's finding that Florentius is the alter ego of Solipax was clearly erroneous.  There is not sufficient evidence to support a finding that Florentius is the alter ego of Solipax.  While Plaintiffs allege such to be the case, the only "evidence" submitted to validate the theory are two un-notarized statements from employees of the Plaintiff companies, Paris Balouras and Patryk Reczek.  Therefore, any reference in the R&R that states that Florentius is the alter ego of Solipax is not adopted by this Court and instead this Court relies only upon the allegations that Florentius is the alter ego of Solipax.

Nevertheless, this does not change the ultimate finding that this Court can compel all parties in this matter to arbitrate the dispute. "Nonsignatory . . . alleged alter egos are entitled to compel arbitration under clauses signed by the corporations whose liabilities they are alleged to have assumed." *Prograph Intern, Inc. v. Barhydt*, 928 F.Supp. 983, 991 (N.D. Cal. 1996) (citing *Pritzker v. Merrill* Lynch, Pierce, Fenner & Smith, Inc., 7

F.3d 1110, 1122 (3rd Cir. 1993)).  Plaintiffs allege that Florentius is the alter ego of Solipax.  Furthermore, as found by the magistrate judge, since Florentius, as sole owner, president and manager of Solipax, was the agent of the company that the arbitration provision intended to cover, he has standing to compel arbitration. *See Boston Telecomm. Group, Inc. v. Deloitte Touche Tohmatsu*, 249 F. App'x 534, 539 (9th Cir. 2007).

Plaintiffs argue that Defendants have admitted that Florentius is the alter ego of Solipax.  However, the Court does not find that Defendants have actually admitted this relationship.  What Defendant Florentius has admitted is that the Court and Plaintiffs can compel him to arbitration based simply upon allegations of alter ego and because Florentius is the agent of Solipax. (Mtn to Compel, 16:16-17:6, ECF Nos 14 & 15.) Florentius would be estopped from making any argument otherwise.

Finally, Magistrate Judge Hoffman found that the agreement was not null and void, inoperative or incapable of being performed and as such recommended that the Motion to Compel Arbitration should be granted.

Having reviewed Plaintiffs' and Defendants Objections regarding Magistrate Judge Hoffman's report and recommendation regarding Defendants Motion to Compel Arbitration, the Court accepts the magistrate judge's recommendation to grant the motion.

## CONCLUSION

**IT IS HEREBY ORDERED** that Magistrate Judge Hoffman's Report and Recommendation (ECF No. 23) is Accepted to the extent it is not inconsistent with this Order.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand to State Court (ECF No. 7) is **DENIED**.

/ / /

1  **IT IS FURTHER ORDERED** that Defendant's Motion to Compel Arbitration
2  and for a Stay Pending Arbitration (ECF Nos. 14, 15) is **GRANTED** and this case is
3  **STAYED** pending arbitration.
4  DATED this ___13___ day of _____July_____, 2012.

_____
Gloria M. Navarro
United States District Judge